WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Hollingsworth, Jr., | CIV 16-0080-PHX-JAT (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT COURT:

Petitioner Leslie Hollingsworth, Jr., who is confined in the Arizona State Prison Complex, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 13), and Petitioner has filed multiple replies (Docs. 20, 21).

## BACKGROUND[1]

Petitioner was indicted on one count each of possession of narcotic drugs for sale, sale or transportation of narcotic drugs, and possession of drug paraphernalia. (Exh. A.) On November 21, 2006, pursuant to a plea agreement, Petitioner pled guilty to one count of possession of narcotic drugs for sale. (Exhs. B, C.) On February 22, 2007, the trial court sentenced him to a term of imprisonment of 16 years. (Exh. D.)

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 13 – Respondents' Answer.

On March 20, 2007, Petitioner filed a notice of post-conviction relief. (Exh. E.) His appointed counsel filed a notice of completion of post-conviction review, stating that she was "unable to find any claims for relief to raise in post-conviction relief proceedings." (Exh. F.) Petitioner filed a pro per petition for post-conviction relief, asserting that his counsel was ineffective for giving him erroneous advice about the sentence Petitioner would receive if he accepted the plea agreement. (Exh. G.) The State responded to the petition, and Petitioner filed a reply and supplement. (Exhs. H, I, J.) On January 16, 2008, the superior court dismissed the petition for post-conviction relief, concluding that Petitioner had not raised a colorable claim of ineffective assistance of counsel, and that the petition presents no material issue of fact or law which would entitle Petitioner to the relief sought in his petition. (Exh. K.)

On February 11, 2008, Petitioner filed a petition for review in the Arizona Court of Appeals. (Exh. L.) The State responded, and Petitioner replied. (Exhs. M, N.) The Arizona Court of Appeals denied review on November 14, 2008. (Exh. O.) On January 20, 2009, Petitioner filed a petition for review in the Arizona Supreme Court, which denied review on April 16, 2009. (Exhs. P, Q.)

On December 1, 2009, Petitioner filed a second notice of post-conviction relief. (Exh. R.) The superior court dismissed the petition on January 8, 2010, as precluded and untimely pursuant to Rules 32.2(a) and 32.4(a), Ariz. R. Crim. P. (Exh. S.) Petitioner filed a petition for review in the Arizona Court of Appeals on February 2, 2010. (Exh. T.) The State responded, and Petitioner replied. (Exhs. V, W.) On September 21, 2011, the Arizona Court of Appeals denied review. (Exh. X.) Petitioner did not file a petition for review with the Arizona Supreme Court.

Petitioner filed his third notice and petition for post-conviction relief, as well as a memorandum in support of his petition, on March 28, 2012. (Exhs. Y, Z, AA.) The superior court dismissed the petition on April 16, 2012. (Exh. BB.) Petitioner filed a petition for review in the Arizona Court of Appeals. (Exh. CC.) On August 13, 2013, the Arizona Court

of Appeals granted review but denied relief. (Exh. DD.) Petitioner did not file a petition for review in the Arizona Supreme Court.

Petitioned filed his fourth petition for post-conviction relief on October 4, 2013. (Exh. EE.) The superior court dismissed the petition on November 4, 2013. (Exh. FF.) Petitioner filed a petition for review in the Arizona Court of Appeals. (Exh. GG.) The appellate court granted review but denied relief on July 23, 2015. (Exh. HH.) Petitioner did not file a petition for review in the Arizona Supreme Court.

Petitioner filed the instant habeas petition on January 6, 2016. (Doc. 1.) Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that the State violated the terms of his plea agreement. In Ground Two, Petitioner asserts search and seizure violations. In Ground Three, Petitioner alleges that he received ineffective assistance of counsel. In Ground Four, Petitioner alleges the trial court violated unspecified constitutional rights.

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1       An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

      Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

      In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

\\\

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. On February 22, 2007, the trial court sentenced Petitioner pursuant to the terms set forth in the plea agreement. By pleading guilty, Petitioner waived his right to a direct appeal, and had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Petitioner filed his timely PCR notice on March 20, 2007. On January 16, 2008, the superior court dismissed the petition for post-conviction relief. The Arizona Court of Appeals denied Petitioner's petition for review on November 14, 2008, and the Arizona Supreme Court denied review on April 16, 2009. Thereafter, Petitioner had 90 days to file a petition for writ of certiorari in the United States Supreme Court, which he failed to do. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

Thus, Petitioner's case became final and the statute of limitations began running on July 15, 2009. Petitioner was required to file the instant habeas petition on or before July 15, 2010. Petitioner did not initiate his habeas proceedings until January 6, 2016. Accordingly, absent any tolling, his habeas petition is over five years too late.

Petitioner is not entitled to statutory tolling. Petitioner's commencement of three subsequent PCR proceedings in December 2009, March 2012, and October 2013, did not toll the limitations period. The state court dismissed these proceedings pursuant to Rules 32.2(a) and 32.4(a), Ariz. R. Crim. P, for failing to timely file a PCR petition or failing to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding. Thus, the PCR proceedings were not "properly filed" under 28 U.S.C. § 2244(d)(2). See, e.g.,

Pace, 544 U.S. at 414-17; Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (recognizing and applying Pace). Furthermore, the March 2012 and October 2013 proceedings were filed after the limitations period had expired, and, thus, did not toll the limitations period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed.").

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner asserts no reason for the untimeliness of his habeas petition, and therefore demonstrates no entitlement to equitable tolling. There is nothing in the record that suggests an external force prevented Petitioner from timely filing the Petition. And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro*

1  *se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
2  warranting equitable tolling.").
3        Accordingly, Petitioner is not entitled to any tolling and his habeas petition is
4  untimely.

## CONCLUSION

6        Having determined that Petitioner's habeas petition is untimely, the Court will
7  recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed
8  with prejudice.

9        **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
10 Habeas Corpus (Doc. 1) **DENIED** and **DISMISSED WITH PREJUDICE**;

11       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
12 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
13 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
14 debatable.

15       This recommendation is not an order that is immediately appealable to the Ninth
16 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
17 Appellate Procedure, should not be filed until entry of the district court's judgment. The
18 parties shall have fourteen days from the date of service of a copy of this recommendation
19 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
20 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
21 days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of
22 Civil Procedure for the United States District Court for the District of Arizona, objections
23 to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure
24 timely to file objections to the Magistrate Judge's Report and Recommendation may result
25 in the acceptance of the Report and Recommendation by the district court without further
26 review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure
27 timely to file objections to any factual determinations of the Magistrate Judge will be
28 considered a waiver of a party's right to appellate review of the findings of fact in an order

1 or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,
2 Federal Rules of Civil Procedure.

   DATED this 25th day of October, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge